AO 106 (Rev. 04/10)  Application for a Search Warrant

FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Dec 4, 2023
OFFICE OF THE CLERK

# UNITED STATES DISTRICT COURT

for the

Western District of Arkansas

Texarkana Division

| | |
|---|---|
| In the Matter of the Search of: | ) |
| **All information and stored cloud content maintained by Synchronoss Technologies for the account associated with Verizon phone number (870) 584-8744** | ) ) ) ) ) ) |

Case No.  4:23-cm-36

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):* **See Attachment A. This Court has authority to issue this warrant 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A).**

located in the _____ District of _____ **New Jersey** _____ , there is now concealed *(identify the person or describe the property to be seized):* **See Attachment B.**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 2252A(a)(1) and (a)(5)(B) | Transportation of Child Pornography and Possession of or Access with Intent to View Child Pornography |

The application is based on these facts:

☑ Continued on the attached sheet. **Affidavit of FBI Special Agent Cody Graham.**

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Cody Graham (Telephonically)*

*Applicant's signature*

Cody Graham, FBI Special Agent

*Printed name and title*

Sworn to before me and signed in my presence.

Date:  December 4, 2023

*Judge's signature*

City and state:  Texarkana, Arkansas

Barry A. Bryant, United States Magistrate Judge

*Printed name and title*

## ATTACHMENT A

This warrant applies to all stored cloud content associated with CyberTip # 173719757,

Verizon phone number (870) 584-8744, or Synchronoss internal case number #CSO269645,

maintained by Synchronoss Technologies, 200 Crossing Blvd. Bridgewater, NJ 08807.

1

## ATTACHMENT B

**l. Information to be disclosed by Synchronoss**:

      To the extent that the information described in Attachment A is within the possession, custody, or control of Synchronoss including any emails, records, files, logs, or information that has been deleted but is still available to Synchronoss Inc., or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Synchronoss Inc. is required to disclose the following information to the government for each account or identifier listed in Attachment A. Synchronoss Inc shall disclose preserved data, if any, by sending to a Special Agent of the Federal Bureau of Investigation, notwithstanding 18 U.S.C. § 2252A or similar statute or code.

      All photographs, movies, messages or other content stored in the Cloud account, and all information pertaining to the source of such photographs and other stored content;

    a. All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the types of service utilized, the IP address used to register the account, login IP addresses associated with session times and dates, account status, alternative email addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

    b. All records or other information stored by an individual using the account, including profile, names, address books, contact and buddy lists, calendar data, pictures, and files;

    c. Any and all records, including financial records, documents, invoices and materials that concern online storage or other remote computer storage, including, but not limited to, software used to access such online storage or remote computer storage, user logs or archived data that show connection to such online storage or remote computer storage, and user logins and passwords for such online storage or remote computer storage.

    d. All records pertaining to communications between Synchronoss Inc., and any person regarding the account, including contacts with support services and records of actions taken; and

2

    e.  All records associated with other services provided with the Cloud account, to include photos, e-mail records and phone records.

    f.  Metadata to include GPS coordinates of videos and photos and device information to include make, model and serial number of device utilized to create said image/video stored in either Cloud account.

**2. Information to be seized by the government**

a. All information described above in Section I that constitutes fruits, contraband, evidence and/or instrumentalities of violations of 18 U.S.C. §§ 2252A(a)(2) and (a)(5)(B), including, for each account or identifier listed on Attachment A, information pertaining to the following matters:

    1.  Any person knowingly producing, transporting, receiving, or possessing child pornography, as defined at Title 18, United States Code, Section 2256(8);

    2.  Any person traveling with the intent to engage in criminal sexual conduct or causing another to travel with the intent to engage in criminal sexual conduct; or engages in illicit sexual conduct in a foreign place;

b. Images of child pornography and files containing images of child pornography and records, images, information pertaining to the possession, access with intent to view, transportation, receipt, distribution and reproduction of sexually explicit material relating to children, in violation of Title 18, United States Code, Section 2252 and 2252A, in any form wherever they may be stored or found;

c. Any and all records reflecting personal contact and any other activities with minors visually depicted while engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2).

d. Credit card and other financial information, including but not limited to, bills and payment records evidencing ownership of the subject account and/or the purchase or attempted purchase of sexually exploitive material involving minors;

e. Evidence of who used, owned, or controlled the account or identifier listed on Attachment A, including but not limited to any and all emails, messages and or instant messages related to the Cloud account;

f. Any and all records, including financial records, documents, invoices and materials that concern online storage or other remote computer storage, including, but not

3

limited to, software used to access such online storage or remote computer storage, user logs or archived data that show connection to such online storage or remote computer storage, and user logins and passwords for such online storage or remote computer storage;

g. Evidence of the times the account or identifier listed on Attachment A was used;

h. Any and all diaries, address books, names, and lists of names and addresses of individuals who may have been contacted by the operator of the account at Attachment A by use of the computer or by other means for the purpose of distributing or receiving child pornography as defined in 18 U.S.C. § 2256(8)(A), (C) or visual depictions of minors engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256(2); or for the purpose of engaging in illicit sexual conduct in violation of 18 USC 2423;

i. Any and all address books, mailing lists, supplier lists and any and all documents and records pertaining to the preparation, purchase, and acquisition of names or lists of names to be used in connection with the production, purchase, sale, trade, or transmission, through interstate or foreign commerce by any means, including by the United States Mail or by computer, of any child pornography as defined in 18 U.S.C. § 2256(8)(A), (C) or any visual depiction of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2); or for the purpose of engaging in illicit sexual conduct in violation of 18 USC 2423;

j. Any records of passwords, login names, dates, times and activity associated with any person or entity accessing any website offering any child pornography as defined in 18 U.S.C. § 2256(8)(A), (C) or any visual depiction of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2); or for the purpose of engaging in illicit sexual conduct in violation of 18 USC 2423;

k. Passwords and encryption keys, and other access information that may be necessary to access the account or identifier listed on Attachment A and other associated accounts.

4

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Cody Graham (Affiant), being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AFFIANT BACKGROUND

1.      I make this Affidavit in support of an application for a search warrant for information associated with a certain account that is stored at premises owned, maintained, controlled or operated by Synchronoss Technologies, 200 Crossing Blvd. Bridgewater, NJ 08807. The information to be searched is described in the following paragraphs and in Attachment A. This Affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Synchronoss Technologies (hereafter "Synchronoss") to disclose to the government records and other information in its possession, pertaining to the subscriber or customer operating the account (including the content of communications) further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

2.      Affiant is a Special Agent with the Federal Bureau of Investigation and has been since August of 2020. I am currently assigned as a Special Agent with the Federal Bureau of Investigation at the Texarkana, Arkansas Resident Agency. During my time as a Special Agent, I have investigated cases involving computer-related criminal activity and violent crimes against children. From January 2021 to the present, I have been assigned to the Texarkana Resident Agency, in the Texarkana, Arkansas Division of the FBI. As an FBI Special Agent, I am authorized to investigate violations relating to child exploitation and child pornography, including the production, transportation, receipt, distribution, and possession of child pornography, in violation of 18 U.S.C. §§ 2251 and 2252A. I have gained experience in conducting these investigations

1

through training and through everyday work, including executing search warrants and interviewing individuals who trade child pornography and who seek to sexually exploit children. In addition, I have received training related to the Innocent Images National Initiative, which includes training in the investigation and enforcement of federal child pornography laws, through which computers and other digital media are used as a means for communicating with others about the sexual exploitation of children. As part of my training and experience, I have observed and reviewed numerous examples of child pornography, as defined in 18 U.S.C. § 2256, in all forms of media, including computers.

3.      This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## JURISDICTION

4.      This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711, 18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## DEFINITIONS

5.      The term "child pornography," as defined in 18 U.S.C. § 2256(8), means any visual depiction, including any photograph, film, video, picture, or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where:

   a.  the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;

2

     b.  such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or

     c.  such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct

6.     The term "sexually explicit conduct," as defined in 18 USC § 2256(2), means actual or simulated— (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the anus, genitals, or pubic area of any person.

7.     The term "minor," as defined in 18 U.S.C. § 2256(1), refers to any person under the age of eighteen years.

8.     The term "visual depiction," as defined in 18 U.S.C. § 2256(5), includes undeveloped film and videotape, data stored on computer disc or other electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

9.     The term "computer," as defined in 18 U.S.C. §1030(e)(1), means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

10.     The term "cloud storage" is a mode of computer data storage in which digital data is stored on servers in off-site locations. The servers are maintained by a third-party provider who is responsible for hosting, managing, and securing data stored on its infrastructure.

11.     The terms "records," "documents," and "materials," as used herein, include all information recorded in any form, visual or aural, and by any means, whether in handmade form (including, but not limited to, writings, drawings, painting), photographic form (including, but not limited to, microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, photocopies), mechanical form (including, but not limited to, phonograph records, printing, typing) or electrical, electronic or magnetic form (including, but not limited to, tape recordings, cassettes, as well as digital data files and printouts or readouts from any magnetic, electrical or electronic storage device).

12.     A CyberTip, short for "CyberTipline Report," is a report submitted to the National Center for Missing and Exploited Children (NCMEC). NCMEC gathers leads and tips regarding suspected online crimes against children and forwards them to the appropriate law enforcement agencies.

## STATUTORY AUTHORITY

13.     18 U.S.C. § 2252A(a)(1) prohibits a person from knowingly transporting any child pornography using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer.

14.     18 U.S.C. § 2252A(a)(5)(B) prohibits knowingly possessing, or knowingly accessing with intent to view, or attempting to view, any material that contains an image of child pornography, as defined in 18 U.S.C. § 2256(8), that has been mailed, shipped, or transported using any means or facility of interstate or foreign commerce or in, or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed or shipped or transported in, or affecting interstate or foreign commerce by any means, including by computer.

4

## BACKGROUND CONCERNING SYNCHRONOSS

15.    In my training and experience, I have learned that Synchronoss Technologies is the cloud-based storage provider for anything stored on the Verizon Cloud. The Cloud Storage Provider provides a variety of online services, including electronic data storage ("cloud storage") access to the public. Synchronoss allows subscribers to obtain cloud storage accounts which are then associated with the account number used to open the account, such as a Verizon phone number, specifically in this case, Verizon phone number (870) 584-8744.

16.    Synchronoss is likely to contain stored electronic data, such as written documents, photograph files and video files, as well as information concerning subscribers and their use of the Synchronoss's services, such as account access information, e-mail transaction information, and account application information. In my training and experience, such information may constitute direct evidence of the crimes under investigation or evidence that can be used to identify the account's user or users.

17.    In addition to emails, a subscriber can also store other files with the provider such as address books, contact or buddy lists, calendar data, pictures (in addition to those attached to e-mails), video files, and other files on servers maintained and/or owned by Synchronoss.

18.    Synchronoss subscribers might not store on their home computers or personal cell phones copies of the data or photograph or video files stored in their Synchronoss account. This is particularly true when subscribers access their account through the web or if they do not wish to maintain particular e-mails or files in their residence.

19.    In my training and experience, cloud storage providers generally ask their subscribers to provide certain personal identifying information when registering for a cloud storage account. Such information can include the subscriber's full name, physical address, telephone

5

numbers and other identifiers, alternative e-mail addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number). In my training and experience, such information may constitute evidence of the crimes under investigation because, for example, the information can be used to identify the account's user or users.

20.     In my training and experience, cloud storage providers typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of log-in (i.e., session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via the provider's website), and other log files that reflect usage of the account. In addition, cloud storage providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account, which can help to identify the user or users and the computers or other devices that were used to access the cloud storage account.

21.     I am also aware that users may inadvertently back up material(s) to their cloud storage account based on settings on their cellular phones or other electronic devices they did not know would cause the material to back up. This content can include email content, photo streams, photo libraries, contacts, bookmarks, and browsing history.

## PROBABLE CAUSE

22.     On or about September 10, 2023, Synchronoss Technologies, the cloud-based storage provider for content stored on the Verizon Cloud, reported to the National Center of Missing and Exploited Children (NCMEC) that they had flagged 273 files they believed to be child sexual abuse material (CSAM) that had been uploaded to their servers. The CyberTip identified

6

the account used to upload the images as telephone number 870-584-8744 and linked that phone number to service provider Verizon with subscriber Bine Whisenhunt of 370 W. Lawrence Street, Ashdown, Arkansas.  The CyberTip reflected that the electronic service provider had viewed all 273 images that were uploaded by 870-584-8744. NCMEC further identified 225 of the images to be "apparent child pornography".

23.     On October 20, 2023, your Affiant acquired and reviewed the Cyber Tip report which contained the 273 video files uploaded to Synchronoss.   Based on my training and experience, I confirmed the flagged videos constitute child pornography, as defined in 18 U.S.C. § 2256. The following are five examples:

| File Name | Description |
|---|---|
| be8995cb5da24e639c6d6fe6522361fa_0fa ddf86592106bcbe57fdd5ff95efca73dc3c8e 4c4463a0cca364029779713b | This is an approximately two minute forty-two second (2:42) video depicting what appears to be a pre-pubescent minor female, approximately four to six years of age, lying on her back on a bed, while her legs are lifted up to her head. The minor female can be seen wearing only a blue shirt. The minor female's mid-section and genital area are exposed. An adult male can be seen inserting his index finger inside the minor female's vagina. Also, the adult male inserts his penis into the minor female's vagina. |
| Be8995cb5da24e639c6d6fe6522361fa_1f2 c0859d25bf60edddb6990bf1332f45c41913 c9d7bab4f05eb534c59598af3 | This is an approximately one minute, three second (1:03) video depicting what appears to be a pre-pubescent minor female, approximately five to six years of age. The minor female is nude and can be seen kneeling in front of a nude adult male, while inside a bathroom. The minor female begins to perform oral sex on the adult male's |

| | |
|---|---|
| | penis. Thereafter, the adult male's penis ejects a white substance into the minor female's mouth. |
| **be8995cb5da24e639c6d6fe6522361fa_6d3 b1f588a882c08b470b674a3f471b375aaaa a42f5c5b9d78d4b30db158a53f** | This is an approximately eleven second (:11) video depicting what appears to be a pre-pubescent minor female, approximately four to six years of age. The minor female is nude and can be seen positioned on her hands and knees. In the background there is a "Hello Kitty" blanket as a backdrop. Also, two nude adult males can be seen; one of the adult males is positioned behind the minor female, while inserting his penis into the minor female's vagina. The other adult male is positioned in front of the minor female and is forcing the minor female to perform oral sex on his erect penis. |
| **be8995cb5da24e639c6d6fe6522361fa_082 6dfdaf31170e4689d854999abfc87f1d87f9 7a8aa2873f234020d3cff842a** | This is an approximately one minute, thirty-eight second (1:38) video depicting what appears to be a pre-pubescent minor female, approximately three to four years of age. The minor female is nude and kneeling in front of an adult male sitting in a reclining chair. The adult male is only wearing a white shirt and has his erect penis exposed. The minor female begins performing oral sex on the adult male's penis, while the adult is forcing the minor female's head until she begins choking. |
| **be8995cb5da24e639c6d6fe6522361fa_d3b 3c211fd9328f71f043281a69a537047f7ac52 619575c95a0918af3dd34280** | This is an approximately forty-six second (:46) video depicting what appears to be a toddler male, approximately one to three years of age wearing a blue shirt and who has his genitalia exposed. The toddler male is on his back lying on a bed. An adult female wearing a green shirt is seen performing penile-oral sex on the toddler. |

24.     On October 26, 2023, the FBI issued an administrative subpoena to Verizon Wireless, requesting subscriber data associated with telephone number (870) 584-8744. On November 7, 2023, Verizon responded, identifying the subscriber as Janet Whisenhunt at 119 S Lakeside Drive Apt 5, DeQueen, AR 71832, with a home/work phone number of (870) 289-2559 and Verizon account #513164968-1. Verizon identified the phone number (870) 584-8744 as being associated with the account.

## CONCLUSION

25.     Based upon the investigation as set forth above, probable cause exists to believe that the cloud based Synchronoss account associated with Verizon telephone number 870-584-8744 contains evidence of violations of Title 18, United States Code, Sections 2252A(a)(1) and 2252A(a)(5)(B) involving the transportation of or possession or access with intent to view child pornography.  Your Affiant prays this honorable court will issue a search warrant to Synchronoss for the items described in Attachment B of this Affidavit that constitute evidence, fruits, and instrumentalities of violations of the statutes identified herein.

26.     Your Affiant anticipates executing this warrant under the Electronic Communications Privacy Act, in particular, Title 18, United States Code, Sections 2711, 2703(a), 2703(b)(1)(A) & 2703(c)(1)(A), by using the warrant to require Synchronoss to disclose to the government copies of the records and other information particularly described in Attachments A and B.  Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

9

27.     Because the warrant will be served on Synchronoss, who will then compile the
requested records at a time convenient to it, reasonable cause exists to permit the execution of the
requested warrant at any time in the day or night.

Respectfully submitted,

Cody Graham (telephonically)

Cody Graham
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on December 27th, 2023

HONORABLE Barry A. Bryant
United States Magistrate Judge
Western District of Arkansas

10